### BELL *v.* WALSH *et als.*

Where the plaintiff filed his bill to foreclose a mortgage executed by defendants, who
admit the demand, but ask that a certain sum be retained in the hands of the Court,
to answer a judgment against defendants, to the satisfaction of which they claim that
the plaintiff is proportionately liable as a former partner of defendants, although he
was not served with process in the case: *Held,* that it was error to retain such sum in
the hands of the Court.

Before the liability of plaintiff for contribution is fixed, the defendants must satisfy the
judgment, and establish the claim against the plaintiff by action.

Those who seek equity should offer to do equity.

The fact that plaintiff was about to leave the State, does not alter his liability. The
remedy in such case being by *ne exeat.*

APPEAL from the District Court of Fifth Judicial District, in
the County of Amador.

Bell, the plaintiff in the Court below, brought this suit for the
purpose of foreclosing a mortgage. The defendants acknowledged
the execution of the mortgage, but set up that such mortgage
was given plaintiff for his interest in a partnership composed of
all the parties to this suit; and that since the purchase of Bell's
interest therein, other parties have commenced an action against
the members of the original copartnership for damages sustained
by reason of the careless and unskillful management of a portion
of the property of the copartnership, while Bell was a member
thereof, and had recovered judgment for a large amount. The
defendants asked that a sufficient sum of the mortgage-money
be retained in the hands of the Court, in order to satisfy the
part thereof for which Bell would be liable, in the event that the
judgment was finally confirmed, or that he be required to give
security therefor. Bell was a party defendant to this suit, but
was not served with process. The findings of the Court below
and its conclusions of law were as follows:

1st. The judgment of Wm. Oliver et. al, for two thousand six
hundred and sixty-two dollars and fifty cents damages, and nine
hundred and forty-six dollars and fifty cents costs of suit, was
for damages caused to the tunnel of W. A. Oliver & Co., on the

Bell v. Walsh.

fifth of March, 1855, when the defendants in this action and the plaintiffs were the joint-owners of that canal. This damage was occasioned by the servant of the company, for whose conduct plaintiff as well as defendants were responsible.

2d. Bell was the owner of one-fourth part of the canal, and liable for one-fourth of the debts and liabilities of the canal.

3d. The debt due plaintiff was for his interest in the canal purchased March 10th, 1855.

4th. It appears that Bell is about to remove himself and means from this State to one of the Eastern States.

Conclusions of law from these facts:

1st. Bell is liable for one-fourth of the damages and costs recovered in the suit of W. A. Oliver & Co.

2d. Defendants have an equitable claim to have so much of the debt due from them to Bell retained, so as to satisfy, in part, the judgment recovered by Oliver & Co. against them, in case the same is not reversed on appeal, unless Bell will give security to satisfy one-fourth of said judgment in case the same is affirmed in the Supreme Court.

From this the plaintiff appealed.

*Smith & Hardy* for Appellant.

We submit that one of two joint *tort feasors* may not demand contribution of his co-trespasser. In principle this is so for two plain reasons:

1st. It is well settled that no man can take advantage of his own wrong.

2d. A different rule induces combinations between two irresponsible persons, whereby a heavy judgment might be recovered by one of the irresponsible parties against the other irresponsible party, and some responsible man; the irresponsible man taking, perhaps, an interest in the judgment to aid in securing it against himself.

By authority, this declaration of law is clearly maintainable. Acheson *v.* Miller, 18 Ohio, 1; 1 Vesey & B., 114, 118; 11 Paige, 18, 19, 20; 8 S. & R. 186; Merryweather *v.* Nixon, 1 Meeson & W., 504; Pearson *v.* Skelton, Campbell *v.* Phelps, 1 Pick., 65; 15 Mass., 521; 1 Bibb, 562; 2 Johns. Ch., 131.

If entitled at all, he may not demand contribution until he has himself paid the judgment.

Even a surety cannot demand of his principal reimbursement or indemnity, until he has paid the debt secured. Dedman *v.* Williams, 1 Seaman, 154; Ponder *v.* Carter, 12 Iredell, 242.

The record shows that the judgment for the payment of which contribution was claimed, was not only unpaid, but that the cause had been appealed to this Court.

It is stretching the powers of an Equity Court too far, to demand contribution before the liability is ascertained.

If the plaintiff, now appellant, was bound at all, he was only bound when a liability was fixed upon him by a suit at law, and this could not have been done previously to the trial of this cause, for in the suit, contribution for which is claimed, this appellant had not been served with process.

*Robinson, Beatty & Botts*, for Respondent.

The objection raised by appellant is, that we cannot claim contribution until we have paid the judgment to Oliver & Co., which we have not done, but assert our intention to appeal from the same.

If we were plaintiffs in an action of *assumpsit*, we could certainly not recover until we had paid the judgment, and, in the meantime, if Bell became insolvent, it would be our misfortune, but, being defendants in a suit in chancery, our situation is very different.

When a complainant is compelled to come into chancery, to to obtain relief, the Chancellor will compel him to do equity.

Now, this means, if we understand the rule correctly, that the complainant must do strict justice to the defendant, according to the rules of natural justice, in all matters connected with or growing out of the same matter in which he asks relief. And to this natural justice the defendant is entitled, although by the strict rules of law, as administered in the Common Law Courts, he never could obtain the enforcement of his rights in that respect. Nay, even if the defendant's rights were absolutely forfeited by the strict rules of law, the Chancellor will compel the plaintiff to forego all such accidental or arbitrary advantages as the law may have sanctioned, from principles of *policy*. Thus, if one go into chancery to be relieved from usury, the Chancellor will not aid him, unless he will pay the principal of the debt, although the usury taints the whole debt, and in a Court of law would forfeit all.

Here is a case of peculiar propriety for a Chancellor to intervene, for the protection of defendants. They are sued on a debt created in the settlement of their affairs with a retiring partner. The judgment in favor of Oliver & Co., is a liability of the old firm. Had it been known to exist at the time of settlement, it would have been taken into the account, and the debt to the retiring partner would have been less, by one-fourth of the liability.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., and TERRY, J., concurring.

The plaintiff filed his bill in the Court below to foreclose a mortgage. The defendants admit the demand, but ask that a portion of the amount of the money recovered may be detained in the hands of the Court to answer a judgment obtained against them in an action on the case, growing out of the negligence

of their servant or agent, while the plaintiff and defendants were partners, to the satisfaction of which they claim the plaintiff is equally liable.    Judgment was rendered against the defendants, but the present plaintiff was not served with process in the case referred to.

The Court below entered judgment for the amount of the plaintiff's demand, and directed the sum of nine hundred dollars to be retained in the hands of the clerk to answer the plaintiff's portion of the judgment obtained against the defendants in the former suit.    This was error, although the present plaintiff might have been ultimately liable to contribute his share of the judgment; that liability could only be fixed by an actual satisfaction, by the defendants, of the amount recovered.    They are resisting the judgment; the plaintiff is not a party to it, and is only liable for his proportion, in the event that the defendants are finally charged, and that they establish their claim against him by an action of *assumpsit*.    It may be that he would have a good defence to the action.

For what this Court knows, the defendants may never pay one dollar of the judgment, and the money of the plaintiff may be all that will ever be applied to its satisfaction.    Those who seek equity should do equity, and the defendants have no right to ask that the plaintiff shall give security to answer a contingent liability, unless they proffer to secure him likewise, for he may be served with process and made finally liable for the whole amount, in case of the insolvency of the other defendants.

If the plaintiff is about to leave the State, the defendants have their remedy by a writ of *ne exeat*.

So much of the decree as directs the sum of nine hundred dollars to be retained in the hands of the clerk of the Court to answer the plaintiff's liability in the suit of Oliver *v.* Loyd, is set aside and reversed.